### LA COSTE NAT. BANK, Appellant, v. MERCHANTS' & FARMERS' STATE BANK OF ELGIN, Appellee. (No. 6889.)

(Court of Civil Appeals of Texas. Austin. June 24, 1925. Rehearing Denied Oct. 14, 1925.)

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Ingrum, Smith & Gulley, of San Antonio, for appellant.

Hart, Patterson & Hart, of Austin, Maynard & Maynard, of Bastrop, and Webb & Webb, of Elgin, for appellee.

McCLENDON, C. J. This is a companion case to No. 6888, Security State Bank & Trust Company v. Merchants' & Farmers' State Bank, 275 S. W. 721, this day decided. The suit was by appellant against appellee, to recover the amount of three certificates of deposit, corresponding in every way, except as to amounts and dates, to those involved in the companion case. The only difference worthy of note in the facts of the two cases is that in the case at bar the certificates were purchased at 6 per cent. discount, or at the rate of 1 per cent. per month for the period between the dates of purchase and maturity, whereas in the companion case the discount was 10½ per cent. The issues in the two cases are identical, and the holdings in the companion case control in the case at bar.

The trial court's judgment is reversed, and judgment is here rendered in favor of appellant against the appellee for the amount of the several certificates sued on, together with 6 per cent. interest per annum thereon from their respective maturity dates.

Reversed and rendered.

#### On Motion for Rehearing.

The same question with reference to interest on the certificates is presented in the motion for rehearing in this case as was presented in No. 6888, 275 S. W. 721, and the same ruling made on the motion in that case, to which we now refer, is now made in this case.

The record shows that the first two certificates, aggregating $1,300, were presented and payment refused, but the date of their presentation is not given. However, suit was filed on the 26th day of December, 1921, which was in effect a demand for payment. The amount of these certificates should therefore bear interest from that date. The third certificate, for $200, did not mature until January 4, 1922, after suit was filed. Interest on that amount should be from the date of maturity.

Accordingly the judgment heretofore rendered is modified, so as to provide that the first two certificates bear interest from the date suit was filed, and the third from the date of its maturity. In all other respects, the motion for rehearing is overruled.

Judgment modified as to interest.

Motion overruled.